Partridge *v.* Wells.

CHARLES PARTRIDGE

*v.*

EDWIN F. WELLS and MARGARET S., his wife.

1. Property purchased by one copartner with the funds of the firm, and title taken in the name of his wife, is partnership assets.

2. When it clearly appears on the face of the bill that the complainant's right of action is barred, advantage may be taken of the statute of limitations by demurrer.

3. The bar of the statute is as perfect an answer in equity as at law, to actions covered by the statute.

4. The statute does not apply to such trusts as are not cognizable at law, and upon which a remedy can only be had in equity.

On demurrer.

*Mr. A. V. Schenck,* for demurrants.

*Mr. S. H. Jones,* for complainant.

THE VICE-CHANCELLOR.

The bill in this case presents the following facts: On the 19th day of August, 1862, a copartnership was formed by the complainant, the defendant (Edwin F. Wells) and one Henry D. Partridge, to carry on the produce commission business in the city of New York, which continued until

January 3d, 1871, when it was dissolved by the death of Henry D. Partridge. A settlement was then made by the complainant and defendant, and a new firm formed, consisting of themselves alone, which continued in the prosecution of the same business until October 12th, 1875, when it was dissolved by agreement. During the existence of the first firm, and in the years 1868 and 1870, Wells fraudulently abstracted from the firm over $5,000, and invested it in real estate, in the name of his wife; and during the existence of the second firm, and in the years 1872 and 1874, he abstracted a further sum of over $4,000, and purchased real estate, and procured it to be conveyed to his wife. A part of this last sum was also used in the purchase of furniture and other personal property. In addition to the two sums already mentioned, it is said Wells has made improvements on the lands held by his wife with money belonging to the copartnership and paid the taxes, interest on mortgages and insurance thereon.

The bill avers that Wells was found to be indebted to the complainant when the last dissolution took place (October 12th, 1875), in the sum of $33,579.30, and that he was then insolvent. It prays that an account of the expenses, receipts and profits of the copartnership may be taken; that the property purchased by Wells with the moneys of the firm, and now held by his wife and himself, may be declared to be partnership assets, and be applied in discharge of the amount which may be found to be due to the complainant; for an injunction restraining the transfer and encumbrance of the property purchased with partnership funds, and for general relief. The bill was filed January 24th, 1877. It does not show when the complainant was first notified or obtained knowledge of the frauds charged against the defendants.

The defendants do not answer, but attempt to meet the complainant's case by a demurrer, alleging want of equity and multifariousness. On the argument no attempt was made to sustain the demurrer, except on the ground that the complainant's right of action was barred by lapse of time.

12

Partridge *v.* Wells.

The case made by the bill presents, undeniably, a good cause of action. A case of such extreme merit is shown as, in the language of Lord Hardwicke (*Brereton* v. *Gamul*, 2 *Atk.* 240), entitles the complainant to all the favor the court can show him. Upon the question whether or not the facts, independent of any question of laches, show a right to relief, *Shaler* v. *Trowbridge*, 1 *Stew.* 595, is an authority directly in point, and decisive. Partners hold to each other the relation of trustee and *cestui que trust.* A trustee can derive no gain to himself from the employment of the trust fund. The fact that the trustee has invested the trust property, or that which represents it, in the name of his wife, will give her no right to the property as against the *cestui que trust.* Justice Van Syckel, in the case just cited, speaking for the whole bench of the court of errors and appeals, says : " When once a fraud has been committed, not only is the person who committed the fraud precluded from deriving any benefit from it, but every innocent person is so, likewise, unless he has, in good faith, acquired a subsequent interest for value;- for a third person, by seeking to derive any benefit under such a transaction, or to retain any benefit resulting therefrom, becomes *particeps criminis*, however innocent of the fraud in the beginning."

Is the complainant's action barred by the statute of limitations ? A defendant may claim the benefit of the bar given by the statute by demurrer, when, by the case made by the bill itself, it clearly appears that the complainant's right of action is spent by lapse of time ; but when it does not so appear, the statute can only be set up by plea or answer. *Story's Eq. Pl.* §§ 503, 751.

To all actions covered by the statute, the defence given by it is as perfect an answer in equity as at law. But it does not embrace all actions. Actions founded on certain trusts are not within it. The statute does not apply to actions founded on a direct or strict trust, such as are not cognizable at law, but fall within the proper, peculiar and exclusive jurisdiction of a court of equity. This is the rule as stated

Partridge *v.* Wells. .

by Chancellor Kent (*Kane* v. *Bloodgood,* 7 *Johns. Ch.* 90, 113), and adopted by Chancellor Green (*Marsh* v. *Oliver,* 1 *McCart.* 259), and also by Chancellor Zabriskie (*McClane* v. *Shepherd,* 6 *C. E. Gr.* 76). Chancellor Kent says the principle was first stated with precision by Lord Macclesfield, in *Lockey* v. *Lockey, Prec. Ch.* 518. That was a bill for an account of the profits of an estate received by the defendant while the plaintiff was an infant. The defendant had possession under an agreement constituting him a trustee for the infant. The plaintiff did not file his bill until more than six years had elapsed after he attained full age. Lord Macclesfield held, the statute barred his action in equity, as it would have done a common law action of account, stating that the plaintiff might have had his action of account at law, and therefore there was no necessity for his seeking relief in equity. The same principle has been declared by Judge Story. He says : "As to cases of merely constructive trusts created by courts of equity, or cases which are treated, for some purposes, as implied trusts, to which, however, legal remedies are applicable, the doctrine cannot be admitted that the statute of limitations does not embrace them." *Robinson* v. *Hook,* 4 *Mas.* 139, 152.

The test, then, obviously prescribed by the rule is, Had the suitor a remedy at law which he has lost ? If the complainant in this case had a complete remedy at law, which has been lost by lapse of time, he is not entitled to the remedy he seeks here. Upon the admitted facts, as the record now stands, the complainant had, at one time, an unquestionable right to have the lands and other property purchased with the money of the copartnership, declared to be partnership assets, and distributed according to the rights and equities of the copartners. A court of law is powerless to give such relief; it can only be administered in equity. This, in my view, is the complainant's only adequate and appropriate remedy, and that he has always been without a complete remedy at law; but if a doubt could be raised on this point, I am decided in opinion this is not a case in which any inge-

nuity should be exercised to devise a way by which the defendants shall be relieved from making discovery, upon their oaths, whether they have committed the frauds charged against them or not.

Let the demurrer be overruled, with costs.