7 N.J. Super. 182 (1950)
72 A.2d 879
MARY G. BACON, INDIVIDUALLY AND TRADING AS BACON & GRAHAM, RESPONDENT; CROSS-APPELLANT,
v.
JACOB D. BACON, APPELLANT; CROSS-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued January 23, 1950.
Decided April 13, 1950.
Before Judges McGEEHAN, COLIE and EASTWOOD.
Mr. David Stoffer argued the cause for the respondent; cross-appellant (Mr. Martin S. Mandon, attorney).
Mr. Jack Rinzler argued the cause for appellant; cross-respondent (Messrs. Feder & Rinzler, attorneys).
*183 The opinion of the court was delivered by COLIE, J.A.D.
The judgment under appeal determined that a partnership existed between the plaintiff and defendant under the name of Bacon & Graham; that the partnership was dissolved on March 5, 1946; that plaintiff account to defendant for half of the net worth of said partnership and specified particularly the monetary adjustments between the parties. To this extent the judgment is affirmed for the reasons expressed in the opinion of Judge Grimshaw, reported in 8 N.J. Super. 418 (Ch. 1949).
The defendant, Jacob D. Bacon, in his counterclaim sought a decree that premises at 372-374 East 35th Street, Paterson, New Jersey, title to which was vested in Mary G. Bacon, be held to belong to Mary G. Bacon and George D. Bacon as tenants by the entirety. The court below held that the taking of title in the name of the wife raised the presumption of a gift which could be overcome only by clear and convincing proof to the contrary, that such proof was absent and that therefore the conveyance to Mary G. Bacon should stand. With this finding we are not in agreement. The money used for the purchase of the property came from the account of Bacon & Graham, a partnership. In Partridge v. Wells, 30 N.J. Eq. 176 (Ch. 1878); affirmed, 31 Id. 362 (E. & A. 1879), it was held that "Partners hold to each other the relation of trustee and cestui que trust. A trustee can derive no gain to himself from the employment of the trust fund. The fact that the trustee has invested the trust property, or that which represents it, in the name of his wife, will give her no right to the property as against the cestui que trust." In Silverstein v. Wolf, 151 A. 482 (E. & A. 1930) (not officially reported) the court held: "The purchase of real estate was merely incidental to the copartnership, and, if either the partners had held the title, they as partners, would have been obliged to answer, for, as between them, it would be regarded as personal property. The company (in whose name the title was taken) stands in no better position. It holds the legal title in trust for the equitable owners, the copartners, because *184 the copartners paid the purchase price at the time title was taken." Turning to the Uniform Partnership Law, R.S. 42:1-8, we find a statutory provision that "Unless the contrary intention appears, property acquired with partnership funds is partnership property." The record discloses no evidence of a contrary intent and in the absence of such evidence we conclude that the property was an asset of the partnership and was not the sole property of Mary G. Bacon.
The cause is remanded to the end that the judgment may be entered in accordance with the views herein expressed.